Yunchao Song (SBN 323484)
Juris Path Law Firm PC
17800 Castleton Street, Suite 316
City of Industry, CA 91748
Telephone: (626) 391-4015
Facsimile: (626) 604-0123
*paul.song@jpjplaw.com*

Attorneys for Petitioner Baoqun Ren

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAOQUN REN, an individual;<br><br>Petitioner,<br><br>v.<br><br>THE WARDEN of Desert View Facility; ANDRE QUINONES, Acting Director of Los Angeles ICE Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacities,<br><br>Respondents. | **Case No.**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner Baoqun Ren ("Mr. Ren" or "Petitioner") (A-Number: 246-072-580), by and through the undersigned counsel, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respectfully alleges as follows:

**INTRODUCTION**

1. Petitioner is a native and citizen of the People's Republic of China presently detained at the Desert View Facility, Adelanto, California. Petitioner, by and through his undersigned counsel, hereby files this petition for writ of habeas corpus to compel his immediate release from immigration detention.

2. Petitioner has been held by the U.S. Department of Homeland Security ("DHS") since he was unlawfully re-detained on or about August 27, 2026, without first being provided a constitutionally adequate hearing to determine whether his detention is justified and without the lawful revocation of his prior grant of parole in accordance with governing regulations. Petitioner was previously released by DHS on parole in December 2022, after a determination that he was neither a flight risk nor a danger to the community.

3. The Due Process Clause of the Fifth Amendment requires the government to provide noncitizens with notice and a hearing prior to re-detention. Here, Petitioner's rights were violated when he was re-detained without such process and continue to be violated each day that he remains detained.

**CUSTODY**

4. Petitioner is currently in Respondents' physical custody. Petitioner is detained at the Desert View Facility, Adelanto, California. He is under Respondents' and their agents' direct control.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241, Article I, Section 9, Clause 2 of the United States Constitution (the "Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under the color of the authority of the United States, and such custody violates the Constitution, law, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241.

6. Venue lies in the Central District of California, the judicial district in which Petitioner is currently detained. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**THE PARTIES**

7. Petitioner is a citizen of China. He entered the United States in December 2022. He was thereafter apprehended by the Immigration and Customs Enforcement ("ICE") and subsequently released from custody.

8. Respondent THE WARDEN OF DESERT VIEW FACILITY is sued in his or her official capacity as the Warden of the Desert View Facility. The Warden has immediate physical custody of Petitioner under the facility's contract with ICE to detain noncitizens. The Warden is a legal custodian of Petitioner.

9. Respondent ANDRE QUINONES is sued in his official capacity as Acting Director of Enforcement and Removal Operations of ICE's Los Angeles Field Office. Respondent QUINONES is a legal custodian of Petitioner and has the authority to release him.

10. Respondent DAVID VENTURELLA is sued in his official capacity as Acting Director of ICE. In this capacity, Respondent VENTURELLA directs and oversees ICE's Enforcement and Removal Operations, the component agency responsible for Petitioner's detention. Respondent VENTURELLA is a legal custodian of Petitioner and has the authority to release him.

11. Respondent TODD BLANCHE is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice ("DOJ"). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the Board of Immigration Appeals. Respondent BLANCHE is a legal custodian of Petitioner.

12. Respondent MARKWAYNE MULLIN is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent MULLIN is responsible for the implementation and enforcement of the INA and oversees ICE, the component agency responsible for Petitioner's detention. Respondent MULLIN is a legal custodian of Petitioner.

## LEGAL FRAMEWORK

13. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by noncitizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**8 U.S.C. § 1226(a)**

14. Recently, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Vazquez v. Bostock*, No. 25-6842, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026).

15. 8 U.S.C. § 1226(a) is the discretionary detention authority for noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Under this statute, a noncitizen would be entitled to a bond hearing, and any custody redetermination would have to be based on whether the noncitizen is "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017).

**Due Process**

16. The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

17. A protected liberty interest may arise from a conditional release from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Courts within this Circuit have consistently recognized that "noncitizens paroled into the United States have a liberty interest in their continued release." *Yanyun Mo. v. Christopher Chestnut, Warden of the Cal. City Det. Facility*, No. 1:25-cv-1789 CSK (E.D. Cal. Apr. 6, 2026). "[B]y releasing Petitioner on parole…the government endowed Petitioner with a protected liberty interest." *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *see Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025) (holding noncitizen paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) had a protected liberty interest in remaining out of custody); *see also Garcia v. Andrews*, No. 1:25-cv-01006-JLT-SAB, 2025 WL 2420068 (E.D. Cal.

Aug. 21, 2025) (holding noncitizen released on parole held a protected liberty interest in maintaining out-of-custody status).

18. Courts in the Ninth Circuit have repeatedly found that "when a noncitizen is paroled under that section, his "liberty interest [does] not expire along with his parole." *D.L.C. v. Wofford*, 820 F. Supp. 3d 1106, 1111 (E.D. Cal. 2026).

19. The three-factor *Mathews* test (adopted by the Court of Appeals for the Ninth Circuit, *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022)), helps the Court assess adequate safeguards: "[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probative value, if any, of additional or substitute procedural safeguards; and finally the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

20. The Due Process Clause typically requires a hearing of some sort before the government may deprive a person of liberty. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *see also United States v. Raya-Vaca*, 771 F.3d 1195, 1204 (9th Cir. 2014) ("Due process always requires, at a minimum, notice and an opportunity to respond."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring pre-deprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).

**Revocation of Parole**

21. Pursuant to 8 U.S.C. § 1182(d)(5)(A), "The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for

admission to the United States."

22. 8 C.F.R. § 212.5(e) governs the termination of parole. Pursuant to 8 C.F.R. § 212.5(e)(2), parole may be terminated only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole. It further requires that the noncitizen must receive written notice of the termination.

23. Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003).

24. Courts have consistently determined that, where DHS fails to follow its own regulations in revoking humanitarian parole, the resulting detention is unlawful, and the petitioner's release should be ordered. *See Noori v. Larose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET) (S.D. Cal. Nov. 3, 2025); *Delfin-Ricardo v. Noem*, No. 26-cv-136-RSH-BJW (S.D. Cal. Feb. 9, 2026); *Yanyun Mo. v. Christopher Chestnut, Warden of the Cal. City Det. Facility*, No. 1:25-cv-1789 CSK (E.D. Cal. Apr. 6, 2026).

## STATEMENT OF FACTS

25. Petitioner entered the United States on or about December 10, 2022, and was apprehended by ICE.

26. On or about December 11, 2022, ICE paroled Petitioner into the United States and released him from custody.

27. Since that time, for approximately three and one-half years, Respondents left Petitioner at liberty in the community while his application for asylum remained pending.

28. Following his parole, Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ( "USCIS" ). That application remains pending. Petitioner was subsequently granted employment authorization.

29. Since his release, Petitioner has made good-faith efforts to comply with all reporting requirements. Petitioner has worked to support himself, paid taxes, attended church regularly, studied English at Mt. San Antonio College, and lived openly and peacefully in the community. Petitioner has no criminal record.

30. On or about August 27, 2026, Petitioner appeared for a routine check-in at the ICE office at 300 N Los Angeles St, Los Angeles. ICE officers detained him and took him into custody. Petitioner has remained detained since that date.

31. On or about August 28, 2026, the Department of Homeland Security issued Petitioner a Notice to Appear, thereby placing him in full removal proceedings before an Immigration Judge.

32. When Petitioner was taken into custody, ICE took Petitioner' s personal belongings, including his driver's license.

33. At no time prior to his re-detention was Petitioner notified, orally or in writing, that his parole had been revoked, nor was he provided with written notice terminating his parole. He was given no advance notice that he would be taken into custody, nor was he afforded any meaningful opportunity to contest his detention beforehand.

**COUNT ONE**

**(Violation of the Fifth Amendment Due Process Clause)**

34. Petitioner repeats and incorporates by reference the allegations set forth above.

35. Petitioner's detention violated the Due Process Clause. Petitioner possesses a protected liberty interest, and by revoking his parole and re-detaining him without providing advanced notice, a pre-deprivation hearing, or any meaningful opportunity to contest the alleged basis for the re-detention, ICE disregarded the procedural safeguards required under the Clause to ensure that the deprivation of Petitioner's protected liberty interest accords with the Constitution. *See Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596 (E.D. Cal. July 14, 2025); *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

36. A protected liberty interest may arise from a conditional release from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Petitioner was previously released on parole pursuant to INA § 212(d)(5)(A). After his parole, Petitioner made good-faith efforts to comply with all reporting requirements and was never informed that his parole had been revoked. District courts in this circuit have routinely held that noncitizens previously released from custody have a protected liberty interest in remaining out of custody, because "the government's decision

to release [them] creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Ramos-Maldonado v. Semaia*, No. 26-cv-01202-SSS-AS, 2026 WL 790788 (C.D. Cal. Mar. 18, 2026). Accordingly, Petitioner possesses a liberty interest in his continued release. *See Yanyun Mo. v. Christopher Chestnut, Warden of the Cal. City Det. Facility*, No. 1:25-cv-1789 CSK (E.D. Cal. Apr. 6, 2026); *see also Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025) (holding noncitizen paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) had a protected liberty interest in remaining out of custody). That liberty interest did not lapse when the authorized term of Petitioner's parole expired. *See Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) ("[P]etitioner's liberty interest did not expire along with his parole."); *Gutierrez-Vasquez v. Mullin*, No. 5:26-cv-04025-KES, 2026 U.S. Dist. LEXIS 176117 (C.D. Cal. Aug. 6, 2026) ("Even though Petitioner's parole automatically expired in August 2022, he retained a constitutionally protected liberty interest in remaining free from ICE custody."); *Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871, 878 (C.D. Cal. 2026).

37. Due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). The procedural protections required in a given situation may be evaluated using the *Mathews v. Eldridge* factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. 319, 335 (1976).

38. The first *Mathews* factor strongly favors Petitioner. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). In this country, liberty is the norm and detention "is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("An individual's private interest in freedom from prolonged detention is unquestionably

substantial.") (citations omitted). Petitioner remained out of custody for over three years, he has established ties in the community, and gained lawful employment. He therefore has a significant private interest in remaining free from detention.

39. The second *Mathews* factor also strongly favors Petitioner. There is a "significant risk that the government will erroneously deprive [Petitioner] of [his] liberty interest if it does not provide [him] with a pre-detention hearing, where, as here, 'the [Petitioner] has not received any bond or custody…hearing.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2025) (citing *Singh v. Andrews*, No. 1:25-CV-00801, 2025 U.S. Dist. LEXIS 132500, 2025 WL 1918679 (E.D. Cal. July 11, 2025)). Civil immigration detention must be "nonpunitive in purpose" and bear a "reasonable relation" to the authorized statutory purposes of preventing flight and danger to the community. *Zadvydas*, 533 U.S. at 690 (citation omitted). Petitioner was paroled from custody after his initial detention at the border. By releasing Petitioner, immigration officers necessarily determined that he is neither a flight risk nor a danger to the community. *See Accord Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871, 879 (C.D. Cal. 2026) (finding that, in releasing a noncitizen on humanitarian or significant public benefit parole, the Border Patrol "necessarily found [he] did not pose a significant flight risk or danger to the community"). Before his detention, he lived openly in the community, worked lawfully and maintained a record without any criminal history. Nevertheless, the Government detained him without providing any evidence of any material change in circumstances or any individualized basis justifying his re-detention. Under these circumstances, the risk of erroneous deprivation is high given the possibility that Petitioner's re-detention will not be pursuant to a valid state interest.

40. The third *Mathews* factor likewise favors Petitioner. The government's interest in re-detaining Petitioner without a pre-detention hearing is low "because ICE previously made the determination to release [him], and there is no evidence in the record of any changed circumstances that might cause ICE to reconsider its release determination." *Aviles-Mena v. Kaiser*, No. 25-cv-06783-RFL, 2025 WL 2578215 (N.D. Cal. Sep. 5, 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, additional procedural safeguards, including a hearing before a neutral decision-maker, are "one of the most basic due process protections" and would place a "de

minimis . . . burden on the government," especially in light of the potential costs to the public by keeping Petitioner detained. *Castro-Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

41. *Mathews* factors demonstrate that Petitioner was constitutionally entitled to process before re-detention. At minimum, such process required a hearing before a neutral decisionmaker at which the government bears the burden of proving danger or flight risk by clear and convincing evidence. *See Pablo Sequen v. Albarran*, No. 25-CV-06487-PCP, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025). And that hearing should have occurred before Petitioner was re-detained. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985).

42. Respondents provided Petitioner neither a pre-deprivation hearing nor any justification for dispensing with one, and no exigent circumstance made pre-deprivation process impracticable. Respondents have therefore violated Petitioner's rights under the Due Process Clause of the Fifth Amendment.

43. Courts have consistently found that, in similar circumstances, immediate release, rather than a post-deprivation hearing, is the appropriate remedy because "it restores the status quo that was in effect before Respondents violated Petitioner's due process rights." *Ganbat Ayurzana v. Todd Lyons*, No. 5:26-cv-02238-KES (C.D. Cal, May 13, 2026). Moreover, "allowing the government to cure such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless." *Id.* Indeed, courts have most frequently ordered both immediate release and injunctive relief prohibiting re-detention absent a constitutionally adequate pre-deprivation hearing before a neutral decisionmaker where the government bears the burden of proving, by clear and convincing evidence, that custody is necessary. *See, e.g., Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871 (C.D. Cal. 2026); *Nieves v. Mullin*, No. 5:26-cv-01471-DOC-DSR, 2026 WL 931143 (C.D. Cal. Apr. 1, 2026); *Fernandez v. Semaia,* No. 5:25-cv-03412-SPG-MBK, 2026 WL 136229 (C.D. Cal. Jan. 13, 2026).

//

//

**COUNT TWO**

**(Violation of Regulations Governing Revocation of Parole)**

44. Petitioner repeats and incorporates by reference the allegations set forth above.

45. Pursuant to 8 C.F.R. § 212.5(e)(2)(i), parole may be terminated when its purpose has been accomplished or when neither humanitarian reasons nor public benefit warrants continued parole. § 212.5(e)(2)(i) further requires that the noncitizen be provided written notice of the termination.

46. § 212.5(e)(2)(i) further provides that, if a removal order "cannot be executed within a reasonable time, the alien shall again be released on parole" unless an authorized official determines that the public interest requires continued custody. 8 C.F.R. § 212.5(e)(2)(i).

47. Here, no order of exclusion, deportation, or removal has ever been entered against Petitioner, and no hearing on the merits of his removal case has ever been held. Respondents have identified no determination by any authorized official that the public interest requires Petitioner's continued custody. Respondents therefore failed to follow the regulatory process expressly incorporated by § 212.5(e)(1) following the expiration of Petitioner's parole.

48. Federal agencies are required to follow their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

49. Respondents afforded Petitioner none of this process. Petitioner received no notice of any kind, no statement of the basis for his re-detention, and no opportunity to be heard before he was taken into custody on August 27, 2026.

50. Accordingly, by re-detaining Petitioner without following the process their own regulations require, Respondents violated those regulations and deprived Petitioner of due process. *See Yanyun Mo. v. Christopher Chestnut, Warden of the Cal. City Det. Facility*, No. 1:25-cv-1789 CSK (E.D. Cal. Apr. 6, 2026); *see also, Noori v. LaRose*, 807 F. Supp. 3d 1146, 1156 (S.D. Cal. 2025) (revocation of parole "without notifying [petitioner], providing him reasoning for the revocation, or giving him an opportunity to be heard, denying Petitioner of his due process rights"). *Accord Uulu v. Scott*, No. 2:26-cv-00774-LK, 2026 U.S. Dist. LEXIS 67961 (W.D. Wash. Mar. 30, 2026) (holding that "if Petitioner's parole expired, the government violated 8 C.F.R. § 212.5(e)(2)(i) by failing to provide the process provided therein," where the parole had expired

more than two years earlier, no removal order had been executed, and Respondents put forth no evidence that an authorized official had determined that the public interest required continued custody).

51. As a result, Petitioner's detention is unlawful, and he is entitled to immediate release. *See Noori v. Larose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET) (S.D. Cal. Nov. 3, 2025); *Delfin-Ricardo v. Noem*, No. 26-cv-136-RSH-BJW (S.D. Cal. Feb. 9, 2026); *Yanyun Mo. v. Christopher Chestnut, Warden of the Cal. City Det. Facility*, No. 1:25-cv-1789 CSK (E.D. Cal. Apr. 6, 2026).

**COUNT THREE**

**(Unlawful Detention Under 8 U.S.C. § 1226(a))**

52. Petitioner repeats and incorporates by reference the allegations set forth above.

53. Recently, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Vazquez v. Bostock*, No. 25-6842, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026).

54. Under this statute, a noncitizen may be arrested on a warrant and would be entitled to a bond hearing before an immigration judge and must be released if the noncitizen "does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017).

55. This statutory framework applies to Petitioner. Petitioner was previously released by ICE in December 2022. Since that time, he has resided in the United States for over three years and was already within the United States when he was re-detained by ICE in August 2026. His detention therefore arises under 8 U.S.C. § 1226(a).

56. When the ICE agents detained Petitioner, he was not presented with any warrant authorizing the detention as required under § 1226(a). In addition, at no time prior to his re-detention was Petitioner notified that his prior parole was revoked.

57. By detaining Petitioner without providing a warrant, Respondents have acted in excess of their statutory authority under 8 U.S.C. § 1226(a). As a result, Petitioner's continued

detention violates the Immigration and Nationality Act and is unlawful.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests that this Court grant the following relief:

1. Assume jurisdiction over this matter;
2. Issue the writ of habeas corpus and order Respondents to show cause within three days why the requested relief should not be granted;
3. Enjoin Respondents from transferring Petitioner from the jurisdiction of this District pending these proceedings;
4. Declare that Respondents' detention of Petitioner violates the INA and the Due Process Clause of the Fifth Amendment;
5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately without the imposition of any conditions more restrictive than those previously in place;
6. In the alternative, only if the Court concludes that Petitioner is not legally entitled to immediate release under the present circumstances based on a specific legal authority, order Respondents to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 7 days, at which the government bears the burden of establishing by clear and convincing evidence that continued detention is appropriate to prevent his flight or to protect the public, which would provide a significantly lesser level of due process protection than the immediate release to which Petitioner submits he is entitled;
7. Order Respondents to return all of Petitioner's personal belongings, including his driver's license;
8. Upon release, prohibit Respondents from imposing conditions of supervision more restrictive than those previously in place, including the imposition of electronic monitoring, absent a hearing consistent with due process;
9. Enjoin Respondents from transferring, re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that detention is

appropriate to prevent his flight or to protect the public;

10. Require Respondents, should they choose to conduct such a hearing, to provide Petitioner with reasonable advance notice of the time and place of the hearing;
11. Enjoin Petitioner's removal from the United States pending a final decision on this habeas action;
12. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act and any other applicable authority;
13. Grant further relief as the Court finds just and proper.

Dated: August 31, 2026

Juris Path Law Firm, PC

*/s/Yunchao Song*

Yunchao Song, Esq.
Attorneys for Petitioner Baoqun Ren